DAVIS, Respondent, v. LENHOFF, Appellant

(50 N. W.2d 213)

(File No. 9179. Opinion filed November 27, 1951)

Rehearing denied January 28, 1952

**L. A. Melby,** Faulkton, **Roy A. Nord,** Madison, for Defendant and Appellant.

**Morgan & Neumayr,** Gettysburg, for Plaintiff and Respondent.

LEEDOM, J. Plaintiff, a stock buyer and the respondent here, brought this action to recover damages for the conversion of cattle by defendant, a farmer. The complaint alleges that defendant sold and agreed to deliver to plaintiff 21 or more head of cows and heifers and in violation of the agreement failed to deliver them, and converted them to his own use by selling them to other persons. Defendant admitted in his answer that he agreed to sell plaintiff the cattle but alleged misrepresentations by plaintiff as to market value, and other circumstances relative to the transaction, which entitled defendant, as alleged, to rescind and that he did therefore rescind the agreement. The jury returned a verdict in favor of plaintiff for $295.80 plus interest. Defendant assigns as error numerous rulings of the trial court on admission of evidence and on instructions to the jury. We have carefully considered all the assignment and fail to find reversible error in the record.

Appellant was a farmer of many years experience in raising and marketing substantial numbers of cattle annually. He and respondent went to appellant's pasture where respondent inspected appellant's steers intending to buy them. The parties could not agree on a price. As they were leaving respondent noticed fat cows and heifers in the herd and opened negotiations for them. He offered a price. Acording to appellant's testimony appellant said: "I don't keep watch of the market on cows and heifers and really don't know what the market was on them. * * * I want to get the most on them." Respondent replied: "Well, that is a good price." On appellant's reference to various markets respondent said: "It is more than you could get down at Sioux Falls if you figure the trucking and shrinkage you get there, and the sale's cost you get down there;" also, "This price is more than you can get here in town"; and "This is more than you will get at Miller too, or in Faulkton, and of course this barn at Faulkton is just a small outfit and you could not do very good there." Appellant testified further: "* * * and I though it was pretty small. Well, I thought for a while and he told me that it was more and I wasn't familiar with the markets;" and that he decided to let them go at the offer made. Appellant testified also

that he believed these statements of respondent and relied on them in making the agreement to sell his cows and heifers.

■ Appellant was not restricted in relating the conversation that preceded his decision to sell at the price offered but, on objection, appellant's counsel was not permitted to cross-examine respondent on the conversation. Appellant takes exception to the trial court's rejection of this cross-examination as well as other parts of the cross-examination relating to respondent's representations as to the nature of the document signed by the parties. Respondent had not been questioned on either of these conversations on direct examination. Appellant was permitted to testify at length not only as to respondent's representations on market value but also as to the nature of the paper signed. We have carefully considered the assignments relating to these parts of respondent's cross-examination and are of the opinion they do not involve reversible error.

■ Whether or not the respondent's representations, if actually made as appellant testified, would support a jury verdict of fraud, is not before us. In our opinion the instructions on which the court submitted the question of fraud constituted a fair statement of the law. Appellant cannot be heard to complain about the adverse finding of the jury on this issue.

■■ Rejection of testimony concerning delivery of the cattle at 7 A.M. and respondent's two hour delay in arriving to take delivery was not prejudicial. The record shows quite clearly that the hour of delivery, even giving effect to appellant's oral statements with respect thereto, was not an essential part of the agreement but only an arrangement to suit the parties' convenience. Because of this fact shrinkage of the cattle during the two hour period of delay was not an issue and the court's ruling on evidence relating thereto was proper.

■ It is our view there was no abuse of discretion in excluding the testimony of a witness who heard one of the two parts of a telephone conversation between the litigants. It would have had little significance as corroboration of ap-

194

pellant's version of the conversation which in the first place was not sharply in dispute on any matter material to the real issues in the lawsuit.

 Appellant assigns as error several instances where the court permitted respondent's counsel, prior to proving a "sale" of the cattle or "payment" on the price, to ask questions assuming a sale and payment. Appellant alleged in his answer that he had agreed to sell the cattle and had accepted a $500 check, and then rescinded the agreement. Under those circumstances the "sale" could be treated as a fact in framing questions, without prejudicing appellant's right to show, as he attempted to do, that the sale failed because of a rescission. The objections to use of the words "paid" and "payment" relate to appellant's contention that the check was only conditional payment. Use of these words as descriptive of the act of handing over the check, in asking and answering questions to develop the facts of the transaction, in no manner prejudiced appellant's right to show a conditional payment.

Other assignments relate so clearly in our opinion to matters not prejudicial in any way to appellant that we think no good purpose would be served in discussing them separately.

The judgment of the circuit court is affirmed.